

**FILED**
4/15/2024
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

AXK

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ) No. **1:24-cr-00191**
**Judge John F. Kness**
) **Judge Jeannice W. Appenteng**
) **RANDOM / Cat. 3**
v. ) Violation: Title 18, United
) States Code, Section 157(2)
KEITH DOUGLAS FREEMAN )

The SPECIAL NOVEMBER  2023 GRAND JURY charges:

1.    At times material to this indictment:

**Relevant Individuals, Entities and Accounts**

a.    Defendant KEITH DOUGLAS FREEMAN resided in Orland Park, Illinois.

b.    FREEMAN generated income from various sources, including the following: (i) from in or around January 2022, through in or around April 2024, FREEMAN was the Village Administrator of the Village of Dolton with an annual salary of approximately $100,000; (ii) from in or around March 2022, through in or around April 2024, FREEMAN was the Municipality Manager of Thornton Township with an annual salary of approximately $70,000; (iii) from in or around November 2017, through in or around April 2021,  FREEMAN was the Village Administrator of the Village of Robbins with his salary set by Village ordinance; and (iv) from at least in or around December 2021, through in or around January 2022, FREEMAN received approximately $24,500 in consulting fees from a business located in

Northfield, Illinois ("Company A") that financed the lease/purchase of firefighting and other equipment by municipalities and governmental organizations.

      c.     FREEMAN was affiliated with multiple companies, including the following: (i) FREEMAN was the sole owner of Government Staffing Advisors, Inc., which he incorporated on or about July 12, 2023; (ii) FREEMAN was an owner of Keith Freeman, LLC, dba Doodadz Novelty Store; and (iii) FREEMAN was an officer of CBPI, Inc., dba CBPI Doodadz, a corporation owned by FREEMAN's spouse.

      d.     FREEMAN had control and signature authority over multiple bank accounts, including the following: (i) FREEMAN was the sole account holder and signatory of JPMorgan Chase account #8642; (ii) FREEMAN was the sole account holder and signatory of Bank of Montreal ("BMO") account #5818; and (iii) FREEMAN controlled and was the sole administrator for Coastal Community Bank account #8335, an account opened in the name of Government Staffing Advisors, Inc.

### Chapter 7 Bankruptcy Proceedings

      e.     Chapter 7 of Title 11, United States Code, provided individuals who were unable to pay their debts with an opportunity to obtain a fresh financial start through the discharge of pre-existing debts.

      f.     In order to initiate a Chapter 7 bankruptcy case, an individual, known as the "debtor," was required to file a bankruptcy petition with the United States Bankruptcy Court. The filing of a Chapter 7 bankruptcy petition automatically stayed collection activity by creditors against the debtor.

g.      In addition to the bankruptcy petition, a debtor was required to file certain documents with the United States Bankruptcy Court that detailed the debtor's financial condition, known as Schedules and a Statement of Financial Affairs.

h.      With respect to the Schedules, the debtor was required to disclose his current financial circumstances and sign a statement under penalty of perjury that the Schedules were true and correct before filing them with the United States Bankruptcy Court. The information the debtor was required to provide in the Schedules included the following:

i.      Schedule A/B required the debtor to disclose deposits of money and financial accounts.

ii.      Schedule E/F required the debtor to disclose unsecured creditors.

iii.      Schedule I required the debtor to disclose both the debtor's employment and self-employment status, occupation and monthly income.

i.      With respect to the Statement of Financial Affairs, the debtor was required to disclose his financial history, including his employment, income from employment, and income from operation of a business or any other source in the year of filing and for the immediate two prior calendar years, and whether he was an officer of a corporation. As with the Schedules, the debtor was required to sign a

3

statement under penalty of perjury that the Statement of Financial Affairs was true and correct before filing it with the United States Bankruptcy Court.

        j.      The United States Trustee was responsible for ensuring the integrity of the bankruptcy system, and for promoting compliance with the bankruptcy laws and rules applicable to bankruptcy proceedings. To this end, the United States Trustee appointed and oversaw the activities of a trustee (the "Chapter 7 Trustee"), who was responsible for administering individual Chapter 7 bankruptcy cases for the benefit of the debtor's creditors.

        k.      The information provided in Schedules and the Statement of Financial Affairs was material to a determination by the United States Trustee, the Chapter 7 Trustee, and creditors whether, based on the debtor's income, the debtor had properly filed a Chapter 7 bankruptcy petition, whether the debtor had disclosed assets consistent with his income, and whether the United States Trustee, Chapter 7, Trustee or creditors should object to the discharge of his debts or move to dismiss the bankruptcy case.

        l.      A debtor was required to appear at a meeting of creditors (known as a "341 Meeting") and to testify under oath concerning his financial affairs.

        m.      Prior to the 341 Meeting, a debtor was required to provide the Chapter 7 Trustee with a copy of the debtor's federal income tax return filed with the Internal Revenue Service for the most recent tax year prior to the commencement of the case.

2.      Beginning in or around July 2023, and continuing until in or around April 2024, at Chicago and Orland Park, in the Northern District of Illinois, Eastern Division, and elsewhere,

KEITH DOUGLAS FREEMAN,

defendant herein, devised and intended to devise a scheme to defraud, and for the purpose of executing and concealing the scheme and attempting to do so, filed and caused to be filed documents in a bankruptcy case under Title 11 of the United States Code.

3.      It was part of the scheme that, for purposes of fraudulently staying debt collection actions and fraudulently obtaining a discharge of his debts, FREEMAN attempted to and did defraud his creditors and the Chapter 7 Trustee by taking steps to conceal his assets and sources of income prior to filing a bankruptcy petition, and by then filing a bankruptcy petition and making false statements and providing false documents during the course of the bankruptcy case that were designed and intended to: (i) conceal FREEMAN's actual financial circumstances and history; (ii) conceal whether FREEMAN had disclosed assets consistent with his income; (iii) fraudulently prevent creditors and the Chapter 7 Trustee from determining whether FREEMAN had properly filed for Chapter 7 bankruptcy protection; and (iv) fraudulently prevent creditors and the Chapter 7 Trustee from objecting to the discharge of FREEMAN's debts or moving to dismiss the bankruptcy case.

4.    It was further part of the scheme that, on or about July 12, 2023, FREEMAN created Government Staffing Advisors, Inc., and, on or about July 23, 2023, opened a bank account with Coastal Community Bank ending in #8335 in the name of Government Staffing Advisors, Inc.

5.    It was further part of the scheme that, beginning in or around July 2023, for the purposes of concealing his income and personal financial transactions from his creditors, FREEMAN stopped using BMO account #5818 in FREEMAN's name and transitioned his banking activity to Coastal Community Bank account #8335 in the name of Government Staffing Advisors, Inc.

6.    It was further part of the scheme that, on or about January 3, 2024, FREEMAN filed a bankruptcy petition in the United States Bankruptcy Court for the Northern District of Illinois, thereby initiating a Chapter 7 bankruptcy case captioned *In re Keith Douglas Freeman*, No. 24-00059 (the "*Freeman* Bankruptcy Case").

7.    It was further part of the scheme that, on or about January 3, 2024, FREEMAN filed in the *Freeman* Bankruptcy Case his Schedules and a Statement of Financial Affairs, signed under penalty of perjury, that contained materially false statements and material omissions.

8.    It was further part of the scheme that, on or about January 3, 2024, FREEMAN filed a Schedule A/B in the *Freeman* Bankruptcy Case disclosing total assets of approximately $5,251. The Schedule A/B was false and fraudulent in that,

in response to question 17, Deposits of Money, which required FREEMAN to identify financial accounts, FREEMAN falsely represented that he had a single checking account at BMO Bank, when, in truth, FREEMAN knew that he was then using the Coastal Community Bank account #8335 in the name of Government Staffing Advisors, Inc. as a personal account, including depositing money into this account that he earned as Municipality Manager of Thornton Township.

9.    It was further part of the scheme that, on or about January 3, 2024, FREEMAN filed a Schedule E/F in the *Freeman* Bankruptcy Case disclosing total debts of $174,763 that was false and fraudulent in that FREEMAN, knowing that the Village of Robbins had a claim against FREEMAN for unauthorized payments, did not list the Village of Robbins as an unsecured creditor, which deprived the Village of Robbins of notice of and the opportunity to timely participate in the *Freeman* Bankruptcy Case.

10.    It was further part of the scheme that, on or about January 3, 2024, FREEMAN filed a Schedule I in the *Freeman* Bankruptcy Case that was false and fraudulent in that:

a.    FREEMAN falsely represented that his only employment was as the Municipality Manager of Thornton Township, when he knew that he was also the Village Administrator of the Village of Dolton.

b.    FREEMAN falsely represented that his monthly income was approximately $7,167, when he then knew that his monthly income as both the

7

Municipality Manager of Thornton Township and the Village Administrator of the Village of Dolton was approximately $15,000.

11.     It was further part of the scheme that, on or about January 3, 2024, FREEMAN filed a Schedule J in the *Freeman* Bankruptcy Case that was false and fraudulent in that defendant falsely represented that his net monthly income was $94.72, when defendant then knew that his net monthly income was substantially in excess of $94.72.

12.     It was further part of the scheme that, on or about January 3, 2024, FREEMAN filed a Statement of Financial Affairs in the *Freeman* Bankruptcy Case that was fraudulent in that:

a.     FREEMAN falsely represented that, for the calendar year 2022, his gross income was $45,186, when he then knew that his gross income from his employment as both the Municipality Manager of Thornton Township and the Village Administrator of the Village of Dolton, combined with consulting fees from Company A, was approximately $140,000.

b.     FREEMAN falsely represented that, for the calendar year 2023, his gross income was $99,647, when he then knew that his gross income from his employment as both the Municipality Manager of Thornton Township and as the Village Administrator of the Village of Dolton was approximately $195,000.

c.     FREEMAN falsely represented that the only business that FREEMAN owned was Keith Freeman LLC, when FREEMAN then knew that he also owned Government Staffing Advisors Inc.

13.     It was further part of the scheme that FREEMAN attempted to and did conceal material facts from his creditors and the Chapter 7 Trustee, including but not limited to the fact that, as of the filing of the *Freeman* Bankruptcy Case, FREEMAN:

a.     was the Village Administrator of the Village of Dolton;

b.     earned approximately $100,000 in annual income from his position as the Village Administrator of the Village of Dolton;

c.     was the owner of Government Staffing Advisors, Inc.;

d.     controlled a bank account at Coastal Community Bank in the name of Government Staffing Advisors, Inc., into which he deposited his income and which account FREEMAN used as his personal bank account;

e.     was an officer of CBPI, Inc., a corporation owned by his spouse;

f.     had, within the two prior years, received income in the form of consulting fees from Company A; and

g.     while employed as the Village Administrator of the Village of Robbins, had received approximately $90,396 in excess of his authorized salary, and that the Village of Robbins had a claim against FREEMAN related to those funds.

14.     It was further part of the scheme that, on or about January 30, 2024, FREEMAN caused to be submitted to the Chapter 7 Trustee a purported copy of his

9

2022 Form 1040 individual income tax return, signed under penalty of perjury, when in truth, FREEMAN had not filed a 2022 Form 1040 individual income tax return with the Internal Revenue Service.

15.     It was further part of the scheme that the phony 2022 Form 1040 individual income tax return FREEMAN provided to the Chapter 7 Trustee falsely represented that FREEMAN's total income from employment was $45,186, when FREEMAN knew that his income from employment in 2022 substantially exceeded this amount.

16.     It was further part of the scheme that, on or about January 30, 2024, while testifying under oath at a 341 Meeting, FREEMAN falsely represented that he was not an employee of the Village of Dolton and that he did not get paid by Dolton.

17.     It was further part of the scheme that, on or about February 23, 2024, four days before his next scheduled 341 Meeting on February 27, 2024, FREEMAN caused his pay from the Village of Dolton to be directly deposited into the Coastal Community Bank account #8335 in the name of Government Staffing Advisors, Inc., which account he had not disclosed to the creditors or the Chapter 7 Trustee.

18.     It was further part of the scheme that FREEMAN did misrepresent, conceal and hide, and cause to be misrepresented, concealed and hidden, acts done in furtherance of the scheme and the purposes of those acts.

19.     On or about January 3, 2024, at Chicago, in the Northern District of Illinois, Eastern Division,

KEITH DOUGLAS FREEMAN,

defendant herein, for the purpose of executing and concealing the above-described scheme and attempting to do so, filed and caused to be filed a document, namely Schedules and a Statement of Financial Affairs in a proceeding under Title 11, namely, a Chapter 7 bankruptcy case, *In re Keith Douglas Freeman*, 24-00059;

In violation of Title 18, United States Code, Section 157(2).

A TRUE BILL:

_____
FOREPERSON

AMARJEET
BHACHU

Digitally signed by AMARJEET
BHACHU
Date: 2024.04.12 15:21:30 -05'00'

_____
signed by Amarjeet S. Bhachu
on behalf of the
ACTING UNITED STATES ATTORNEY

11