**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 24 CR 191 |
| | ) | Judge John F. Kness |
| KEITH FREEMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL UNDER THE CRIMINAL JUSTICE ACT**

Defendant, **KEITH FREEMAN**, by and through his attorney, **JOSHUA G. HERMAN,** and pursuant to the Effective Assistance of Counsel provisions of the Sixth Amendment to the Constitution of the United States, as well as the *Guide to the Judicial Policy* (Guide), Chapter 2 (Appointment of Counsel), respectfully seeks leave for his current counsel be appointed as counsel under the Criminal Justice Act (CJA). The government takes no position on this motion.

In support of this motion, Defendant, through counsel, shows to the Court the following:

1. On April 15, 2024, an indictment was returned that charged Defendant with bankruptcy fraud in violation of 18 U.S.C. §157(2). (Dkt. 1). The undersigned filed an appearance as retained counsel on April 17, 2024. (Dkt. 3). On March 13, 2026, a superseding information was filed, charging Defendant with bankruptcy fraud in violation of 18 U.S.C. §157(2) and filing false tax returns in violation of 26 U.S.C. §7206(1). (Dkt. 32). On March 17, 2026, Defendant pled guilty to the charges in the superseding information. (Dkt. 37). Pursuant to the terms of his plea agreement, Defendant's sentencing has been postponed. The parties are due to file a joint status report on or before September 17, 2026. (Dkt. 35).

2. Through this motion, Defendant respectfully seeks that the Court issue an order

appointing undersigned counsel under the Criminal Justice Act to represent Defendant, as Defendant cannot afford counsel for these ongoing proceedings. Defendant's financial status is reflected in a financial affidavit submitted under seal as Exhibit A. Based on this affidavit, Defendant should qualify for appointed counsel under the CJA.

3. While Defendant was initially able to retain undersigned counsel, he has been without financial means to keep retained counsel for some time. The undersigned, a member of the CJA panel for the Northern District of Illinois, has been involved in the case since and before the indictment was returned, and has an intimate understanding of the facts and proceedings. The undersigned also has a strong attorney-client relationship with Defendant. Appointing new counsel would be both inefficient and counterproductive. Additionally, the undersigned conferred with the Executive Director for the Federal Defender Program of the Northern District of Illinois, who advised counsel that under these circumstances appointment of the undersigned pursuant to the CJA would be preferred to ensure continuity of counsel.

4. The undersigned has conferred with the counsel for the government, who indicated that the government takes no position on this motion.

WHEREFORE, Defendant respectfully requests that the undersigned counsel, Joshua G. Herman, be appointed under the Criminal Justice Act, with a *nunc pro tunc* date of July 14, 2026.[1]

Respectfully submitted,

/s/ Joshua G. Herman
**JOSHUA G. HERMAN**

**LAW OFFICE OF JOSHUA G. HERMAN**
53 W. Jackson, Blvd., Suite 404
Chicago, IL 60604
Tel: (312) 909-0434
jherman@joshhermanlaw.com

[1] A CJA appointment order will be submitted to the Court's deputy.